NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1856
_____

ERRICK PHILLIPS,

Appellant

v.

TONY ALSLEBEN; KEVIN KENNEDY, DEPUTY
ERIC KESTER; CRAIG KOPPEL; TONY SUBE;
CHRIS GABELLINI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 08-cv-01388)
Honorable Lawrence F. Stengel, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
October 6, 2011

BEFORE:  McKEE, Chief Judge, and FUENTES and GREENBERG, Circuit Judges

(Filed: October 20, 2011)

_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on appeal from a final judgment entered on

March 7, 2011, in the District Court following a non-jury trial in this civil rights action

under 42 U.S.C. § 1983 and Pennsylvania state law. The case arose out of the arrest on October 23, 2006, in Allentown, Pennsylvania, of plaintiff-appellant Errick Phillips who allegedly suffered injuries inflicted during the arrest. The defendant-appellees are officers of the office of the county sheriff and the local Allentown police department who arrested Phillips. We do not set forth a factual description of the circumstances of the arrest as the description would be of limited importance on this appeal because, as we will explain, Phillips does not challenge the result at the trial. What is significant, however, is that when Phillips filed his complaint on May 6, 2008, he did not ask for a jury trial as he could have done under Federal Rule of Civil Procedure 38(b), and when the defendants filed their answers they did not do so either. On April 6, 2009, long after the time for asking for a jury trial as a matter of right had expired, Phillips filed a motion seeking such a trial. The District Court denied the motion on July 15, 2009, and, accordingly, it later tried the case without a jury. At that trial the Court found in favor of defendants and entered judgment accordingly. Phillips then appealed.

On this appeal, Phillips contends only that the District Court abused its discretion in denying his motion seeking a jury trial. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 and we have jurisdiction under 28 U.S.C. § 1291. We review the order of July 15, 2009, for an abuse of discretion. See United States Sec. & Exch. Comm'n v. Infinity Group Co., 212 F.3d 180, 195 (3d Cir. 2000).

The District Court's explanation for denying Phillips' motion in its entirety reads:

The plaintiff's request for a jury trial is denied. Federal Rule of Civil Procedure 38 clearly states that the demand for a jury must be made in writing 'at any time after the commencement of the action and not later

2

than 10 days after the service of the last pleading directed to the issue.' Failure to make a timely demand constitutes a waiver by that party. Fed. R. Civ. Pro. 38(d). The deadline for that request passed long before the motion for summary judgment was filed.

App. at 3.

Though a district court has discretion when ruling on a motion seeking a jury trial out of time, courts are not without guideposts in ruling on such motions as we have listed factors for them to consider when exercising that discretion. Infinity Group, 212 F.3d at 195-96. Here, the language that the District Court used in denying Phillips' motion leads us to believe that the Court may have regarded the requirement for a timely demand for a jury trial to be mandatory and not subject to relaxation. We have this concern because the Court's only articulated reason for denying Phillips' motion was that his request for a jury was untimely. In this regard, the Court's reference to the motion being made after a motion for summary judgment had been filed mentioned a point of limited materiality on the jury trial issue, although a party's delay in asking for a jury trial is a factor a court could consider in ruling on such a motion.[1]

In view of the fact that the District Court did not indicate that it was exercising its discretion when it denied Phillips' motion we considered vacating the March 7, 2011 judgment and remanding the matter for that Court to determine now if Phillips should have been given a jury trial. If we did so, then the District Court, depending upon what it determined, either would grant the jury trial or reinstate the March 7, 2011 judgment.

[1] We recognize that it is entirely possible that the District Court was well aware of the discretionary nature of the issue before it but nevertheless regarded the motion as unmeritorious. We, however, are constrained to adjudicate the appeal on the basis of the record before us.

3

What we would not do, however, in remanding the case is rule that the District Court must grant Phillips a jury trial for we have no basis to conclude that if the District Court originally had exercised its discretion on Phillips' motion and explained the reason for its ruling it would have granted the motion.

However, instead of remanding the case for the District Court to consider the jury trial issue we have reviewed the matter and have concluded that the Court properly denied Phillips' motion. In reaching our conclusion we point out that after the parties filed their last pleading the Court, on July 22, 2008, entered an order requiring that discovery be completed by September 19, 2008, and we reiterate that Phillips did not file his motion seeking a jury trial until April 6, 2009. Consequently, he was quite dilatory in filing his motion. Moreover, we are well aware that if the Court had granted Phillips' motion and allowed a jury trial, defendants might have sought to reopen discovery as parties preparing for a jury trial sometimes take steps not taken by parties preparing for non-jury trials. In the event that the Court had allowed further discovery the proceedings would have been delayed. Finally, we think it unlikely that if we remanded the matter for the Court to consider whether Phillips should be granted a jury trial it would exercise its discretion to allow such a trial. After all, it would be very unfair to defendants to require them to go through a second trial by reason of Phillips' failure to ask for a jury trial in a timely manner.

The final judgment of March 7, 2011, will be affirmed.

4